# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 24-CV-24647-WILLIAMS/GOODMAN

MADELIN LORENZO,

       Plaintiff,

v.

TESSA LEVY, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON
## *SUA SPONTE* DISMISSAL OF PLAINTIFF'S COMPLAINT

In this Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*, ("FLSA") action, Madelin

Lorenzo ("Plaintiff" or "Lorenzo") filed a *pro se*[1]  Application to Proceed in District Court

Without Prepaying Fees or Costs (Long Form) [ECF No. 3] and a Complaint [ECF No. 1

("Complaint")]. United States District Judge Kathleen M. Williams referred "all discovery

disputes and non-dispositive pretrial motions" to the Undersigned. [ECF No. 5].

---

[1]     "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

For the reasons stated herein, the Undersigned respectfully **recommends** that the District Court **dismiss without prejudice** Plaintiff's Complaint [ECF No. 1] for failure to state a claim.

I.   **Background**

On November 26, 2024, Plaintiff filed a Complaint [ECF No. 1], using a fill-in-the-blanks template.[2]  The Complaint's caption lists "Happy Corner Hospitality Group LLC" and "Motek Gables LLC" as Defendants. *Id.* at 1. But under the section titled "The Defendant(s)[,]" Plaintiff names "Tessa Levy" and "Krizia Celero" as Defendants and does not list the two entities. *Id.* at 2.

In the section titled "Basis for Jurisdiction," Plaintiff checks boxes for the FLSA, "Relevant state law," and "Relevant city or county law," but the Complaint relies solely on the FLSA, without any citations or references to Florida (state, city, or county) law.

Plaintiff alleges that she was employed at a hospitality/restaurant/food and beverage business, as an "Opening General Manager" from January 21, 2023 through March 27, 2023. *Id.* at 3. She states that she earned a $75,000 salary, for which she received weekly payment. *Id.* at 4. She worked 90 hours per week, over a six to seven-day workweek. *Id.*

Plaintiff accuses Defendants of failing to pay overtime, which she describes as

---

[2]      On the same day, Plaintiff filed an age discrimination Complaint against the same Defendants, stemming from the termination of her employment. *See* 24-cv-24650-JB *Lorenzo v. Happy Corner Hospitality Group LLC et al.* (filed Nov. 26, 2024).

"[h]ours worked over 55 weekly."[3] *Id.* She further alleges that Defendants engaged in: (1) "[t]ampering of wages/timesheet, from $75,000 salary to $70,000[;]" and (2) "time sheet tampering from 90 to 55 weekly to avoid over time and compensation." *Id.* She further alleges that she was unable to cash some of her paychecks: "[w]ages of week 03/20 – [0]3/26/2023 unable to cash, wages have been unpaid since." *Id.*

She alleges that the wage tampering occurred from January 2023 through March 2023 and she was unable to cash "check 1043" in the amount of $1,122.91 in August 2023. *Id.* In the relief section of her Complaint, Plaintiff states that she has "unpaid wages of $1,122.91 since 4/7/2023" and seeks: (1) "three times[4] the amount of the unpaid wages[;]"(2) "overtime compensation of 40 hours[5] at $45 an hour[;]"and (3) "damages for

---

[3]      The FLSA defines "overtime" as work in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1)). It is unclear from Plaintiff's Complaint whether she is alleging that she was paid overtime for the first 15 hours (*i.e.*, 55 minus 40) and is seeking overtime pay for the remaining 35 hours (*i.e.*, 90 minus 55). Plaintiff will need to clarify her unpaid overtime claim, if she decides to file an amended complaint.

[4]      It is unclear why Plaintiff believes she would be entitled to *triple* the amount of unpaid overtime. The FLSA permits an employee to recover her "unpaid overtime wages and an **equal amount** of liquidated damages **if the failure to pay overtime wages is found to be willful**." *Keeley v. John's Green House, Inc.*, No. 6:22-CV-721-WWB-DCI, 2024 WL 2874637, at *3 (M.D. Fla. Mar. 26, 2024), *report and recommendation adopted*, No. 6:22-CV-721-WWB-DCI, 2024 WL 2874625 (M.D. Fla. May 5, 2024) (emphasis added). Here, the Complaint contains no allegations of willfulness and, in any event, Plaintiff would not be entitled to recover triple her unpaid overtime (*i.e.*, no provision for treble damages).

[5]      It is unclear how Plaintiff arrives at this "40 hours" figure, given that she alleges that she worked 90 hours per week (90 hours minus 40 hours would be 50 hours of overtime) and, in another part of her Complaint, she alleges Defendants failed to pay

the unpaid wages, overtime hour compensation and [unspecified] damages." *Id.* at 5 (footnotes added).

## II.   Applicable Legal Standards

As noted above, Plaintiff has moved to proceed *in forma pauperis*. [ECF No. 3]. The Court has an obligation to review the complaint brought by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," then the Court shall dismiss the case at any time. *Id.*

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Factual frivolity means 'clearly baseless' on the facts, and legal frivolity means an 'indisputably meritless' legal theory." *Shell v. Von Saal*, No. 08-61154, 2009 WL 960809, at *1–2 (S.D. Fla. Apr. 7, 2009) (quoting *Neitzke*, 490 U.S. at 327).

A litigant's history of bringing unmeritorious litigation can also be considered in assessing frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). This is because 28 U.S.C. § 1915 "'represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike

"[h]ours worked over 55 weekly" meaning 35 hours of overtime (90 hours minus 55 hours). Any amended complaint must consistently and more-carefully allege the amount of overtime hours Plaintiff believes she is due.

those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted.'" *Shell*, 2009 WL 960809, at *2 (quoting *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990)).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [courts] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

III.   **Analysis**

A.   **Plaintiff's Complaint Should Be Dismissed Without Prejudice**

i.   **Shotgun Pleading**

The Eleventh Circuit has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the pleader to present his claims discretely and

succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Complaints that violate Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has consistently condemned such pleadings for more than three decades. *See Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases) (abrogated on other grounds).

There are four types of shotgun pleadings:

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complain**t**. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of **not separating into a different count each cause of action or claim for relief**. Fourth, and finally, there is the relatively rare sin of **asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against**.

*Weiland*, 792 F.3d at 1321–23 (footnotes omitted; emphasis added).

"The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and

unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

A district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint even when the defendant does not seek such relief. *See Hirsch v. Ensurety Ventures, LLC*, No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020).

Plaintiff's Complaint is a shotgun pleading because it seeks to allege claims under the FLSA, "[r]elevant state law[,]" and "[r]elvant city or county law" -- Plaintiff fails to specify what the relevant state, city, and/or county law(s) are -- against presumably[6] four Defendants (Happy Corner Hospitality Group LLC, Motek Gables LLC, Tessa Levy, and Krizia Celero), but she does not specify what each Defendant did or did not do and what claim(s) are brought against which Defendant.

Because Plaintiff's Complaint is a shotgun pleading, the Undersigned **respectfully recommends** that Judge Williams **dismiss** it **without prejudice and with leave to amend**.

---

[6]     As noted above, Plaintiff names two Defendants (Happy Corner Hospitality Group LLC and Motek Gables LLC) in the caption and two different Defendants (Tessa Levy, and Krizia Celero) in the body of the Complaint. [ECF No. 1, pp. 1–2].

### ii.      Failure to State a Claim Under the FLSA

"Because the screening provisions of 28 U.S.C. § 1915(e)(2) apply to [*in forma pauperis* motions], the Court first reviews the Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Emrit v. Univ. of Miami Sch. of Law, et al.*, No. 23-CV-20847, 2023 WL 2374441, at *3 (S.D. Fla. Mar. 6, 2023).

As this Court has explained:

"[T]he requirements to state a claim of a[n] FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). **To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages**. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The FLSA provides for two forms of coverage, individual coverage and enterprise coverage. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006) ("Under [the] FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage."); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (noting that "either individual coverage or enterprise coverage can trigger the Act's applicability").

**"For individual coverage to apply under [the] FLSA, [the plaintiff] must [ ] provide[ ] evidence . . . that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce."** *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). "[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by[:] (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* (citation omitted).

8

***

> **With respect to enterprise coverage, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'"** *Polycarpe*, 616 F.3d at 1220 (quoting 29 U.S.C. § 203(s)(1)(A)). . . . *See* [*id.*] ("if an employer had two or more workers engaged in commerce or the production of goods for commerce, FLSA coverage extended to all of the enterprise's employees[ ]") (citing *Dunlop v. Industrial Am. Corp.*[,] 516 F.2d 498, 500–01 (5th Cir. 1975)).

*Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256–57 (S.D. Fla. 2022) (emphasis and some alterations added).

Here, Plaintiff's fill-in-the-blanks Complaint [ECF No. 1] contains no allegations establishing either enterprise coverage or individual coverage. Therefore, as pled, Plaintiff's FLSA claim fails to state a claim under Fed. R. Civ. P. 12(b)(6).

The Complaint also fails to allege an employment relationship between Lorenzo and any of the four Defendants, alleging (at most) that Plaintiff's place of employment was at "Motek Gables" but not specifically identifying Motek Gables, LLC (or any of the other three Defendants) as an FLSA employer.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" is: (1) the company for whom the employee directly works; and (2) any person who a) acts on behalf of that employer and b) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs,*

*Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer[.]" *Id.* (citations omitted). Any amended complaint must allege sufficient facts establishing that **each** Defendant qualifies as an "employer," as that term is defined by the FLSA.

Plaintiff also fails to adequately plead this Court's subject-matter jurisdiction. *See Frusner v. Epic Landscaping, Inc.*, No. 23-CV-61195-RS, 2023 WL 11878202, at *2 (S.D. Fla. Nov. 14, 2023) (noting that "[t]o establish subject matter jurisdiction under the FLSA, a plaintiff must establish some connection to interstate commerce" and that "either enterprise coverage or individual coverage is sufficient to do so under the FLSA" (citing *Polycarpe*, 616 F.3d at 1220)).

Additionally, to the extent Plaintiff seeks to bring claims under Florida law (whether based on state, city, or county law(s)), Plaintiff must specifically identify the source(s) of her cause(s) of action and comply with any pre-suit notice requirements. Similarly, to the extent Plaintiff seeks to bring a common law claim, Plaintiff must specifically plead that common law cause of action and allege sufficient facts establishing all the necessary elements.

Lastly, the Undersigned notes that Plaintiff describes her pay as a "salary" and alleges that her employer(s) engaged in "[t]ampering of wages/timesheet, from $75,000 salary to $70,000[.]" [ECF No. 1, p. 4]. But "the FLSA does not create a federal cause of

action for failure to pay an agreed upon salary[.]" *Arroyo v. Steps to Recovery, Inc.*, No. 8:23-CV-0209-KKM-SPF, 2023 WL 2561538, at *1 (M.D. Fla. Mar. 17, 2023). Moreover, "'[a]ctions for unpaid wages are typically pled as breach of contract claims wherein the agreement in question happens to be an employment or compensation contract.'" *Thompson v. Connect Sols. Worldwide, LLC*, No. 23-14349-CIV, 2024 WL 5058138, at *3 (S.D. Fla. Sept. 25, 2024) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009)).

For these reasons, the Undersigned **respectfully recommends** that Judge Williams **dismiss without prejudice** Plaintiff's Complaint [ECF No. 1].

**B.      Plaintiff's Motion to Proceed *in Forma Pauperis* Should Be Denied without Prejudice**

Pending before this Court is Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3]. The Undersigned **respectfully recommends** that Judge Williams **deny as moot** Plaintiff's motion **without prejudice and with leave to renew**, if necessary. Plaintiff should be permitted to re-file her motion to proceed *in forma pauperis*, if and when she files an amended complaint.

[**Note:** This Report and Recommendations does *not* substantively conclude that Plaintiff, in fact, has viable factual and legal grounds to file an amended complaint. It merely recommends that Plaintiff be given the **opportunity** to do so *if* she can do so

consistent with her obligations under Federal Rule of Civil Procedure 11.[7] If she cannot, then (obviously) she should not file an amended complaint. Resources and information related to proceeding in court without a lawyer are available on the Court's website (https://www.flsd.uscourts.gov/filing-without-attorney).].

## IV.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the Complaint [ECF No. 1] be *sua sponte* **dismissed without prejudice** and that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] be **denied as moot without prejudice** and with leave to renew, if and when an amended complaint is filed.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations and to which they did not object, except upon grounds of plain error if necessary in the

---

[7]    "Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court, including those filed *pro se*." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306 (11th Cir. 2022).

interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on January 6, 2025.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
Counsel of Record